# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MINGO LOGAN COAL COMPANY,**
**Employer Below, Petitioner**

**vs.) No. 23-ICA-3**   (JCN: 2021022097)

**DARREN NEIL,**
**Claimant Below, Respondent**

**FILED**
**May 22, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mingo Logan Coal Company ("MLCC") appeals the December 5, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Darren Neil filed a timely response.[1] MLCC did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order which denied compensability of the claim and denied authorization for right thumb ulnar collateral repair surgery.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the Board's decision is vacated, and this case is remanded for further proceedings consistent with this decision.

Mr. Neil suffered a workplace injury on April 13, 2021, while employed by MLCC. Mr. Neil completed an Employee's and Physician's Report of Occupational Injury or Disease form on April 13, 2021. He reported that he was walking with a coworker, identified as Billy Brown, when he stepped into a hole in the ground and fell. Mr. Neil alleged that he tried to catch himself with his right arm and when his arm hit the ground his thumb was bent backward, and he felt pain in his right hand, arm, and shoulder.

On April 13, 2021, Mr. Neil's supervisor Dave Hitchcock completed a Supervisor Initial Report of an Incident. Mr. Hitchcock's report of the incident was consistent with Mr. Neil's written report. Mr. Hitchcock reported that Mr. Neil finished his shift and filled

---

[1] MLCC is represented by Celeste E. Webb, Esq., Charles R. Bailey, Esq., and John P. Fuller, Esq. Mr. Neil is represented by Reginald D. Henry, Esq. and Lori J. Withrow, Esq.

out his report when he got outside. MLCC's HR Manager Jeremy Thompson reported the injury on April 26, 2021, after being notified on the day of the injury.

Mr. Neil was seen by Stanley Tao, M.D., on April 26, 2021. Mr. Neil reported a right arm injury and complained of pain in the right thumb and shoulder. Dr. Tao opined that Mr. Neil would require surgery for his thumb and referred him to Luis Bolano, M.D. Dr. Tao ordered an X-ray of Mr. Neil's thumb, which revealed a slight subluxation of the metacarpophalangeal joint thumb. Dr. Tao opined that Mr. Neil was unable to return to work until May 19, 2021.

On April 29, 2021, Mr. Neil was seen by Luis E. Bolano, M.D. Dr. Bolano diagnosed Mr. Neil with gamekeeper's thumb of the right hand and recommended right thumb ulnar collateral ligament repair. On May 5, 2021, Dr. Bolano performed right thumb ulnar collateral ligament repair surgery for the diagnosis of traumatic right thumb ulnar collateral ligament rupture. Mr. Neil followed up with Dr. Bolano after his surgery on May 17, 2021, and June 7, 2021. Dr. Bolano indicated at both visits that Mr. Neil was unable to return to work.

The claim administrator issued an order dated May 27, 2021, rejecting the claim and denying authorization for right thumb ulnar collateral ligament repair surgery. The claim administrator's order indicated that it had been determined that Mr. Neil had not suffered a compensable work injury. Mr. Neil protested this order.

The Board issued an order dated July 18, 2022, which extended Mr. Neil's time frame to respond to MLCC's discovery requests including interrogatories and a release for medical records. The Board indicated that if Mr. Neil failed to respond to MLCC's discovery requests, the claim would be dismissed. Mr. Neil did not at any point participate in discovery, and MLCC did not receive the requested information or documentation.

On December 5, 2022, the Board issued an order reversing the claim administrator's orders, which denied compensability in this claim and denied authorization of surgery. The Board found that the evidence indicated that Mr. Neil sustained an injury to his thumb. The Board held the claim compensable for right thumb ulnar collateral ligament rupture and granted Mr. Neil's request for authorization for right thumb ulnar collateral ligament repair surgery. The Board did not address Mr. Neil's failure to participate in discovery. MLCC now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the

2

Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, MLCC argues that the Board was clearly wrong in reversing the claim administrator's orders when it was not given the opportunity to defend against this claim. MLCC alleges that Mr. Neil's refusal to participate in discovery has inhibited MLCC's ability to thoroughly investigate this matter and formulate a proper defense. We agree.

The Board found that Mr. Neil established by preponderance of the evidence that he sustained an injury to his right thumb in the course of and resulting from his employment. However, the Board failed to allow MLCC to obtain and submit any evidence that may have disputed Mr. Neil's evidence.

West Virginia Code of State Rules § 102-1-7.6.2.c (2022) provides:

Failure to comply with exchange of evidence. If a party fails to comply with the exchange of evidence requirements of these Rules, the Board of Review may take one or more of the following actions: order the party to supply the material required by this section, grant a continuance to the party who was not served with a copy, prohibit a party from introducing the evidence if there is a finding that the failure to disclose was intentional or without good cause, consider the protest(s) submitted for decision upon the existing record excluding the evidence not served, and take such other action as may be necessary or appropriate for the proper conduct of a system of administrative review.

After review, we conclude that the Board was clearly wrong in deciding this case without allowing MLCC the opportunity to properly defend against Mr. Neil's claim. Although the Board was not wrong in finding that the evidence produced tends to establish that Mr. Neil did suffer a compensable work injury, Mr. Neil's failure to participate in discovery deprived MLCC of the information it required to properly investigate and develop its defense. The Board's order has prejudiced the substantial rights of MLCC,

3

which should have been afforded the opportunity to develop its evidence and defend against this claim. Further, the Board should have addressed Mr. Neil's failure to participate in its order pursuant to West Virginia Code of State Rules § 102-1-7.6.2.c.

Accordingly, we vacate the Board's December 5, 2022, order and remand this matter to the Board for further proceedings consistent with this decision.

Vacated and Remanded.

**ISSUED:** May 22, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen